UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FEDERAL HOME LOAN MORTGAGE CORPORATION,** ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | **Civil Action No. CV-13-S-1094-S** |
| **THEODORE PIHAKIS,** *et al.*, ) ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This action arises from the foreclosure sale of real property that was formerly owned by defendants, Theodore and Cathy Pihakis, to plaintiff, the Federal Home Loan Mortgage Corporation ("Freddie Mac").[1]  Plaintiff commenced an ejectment action in the Circuit Court of Shelby County, Alabama, on January 11, 2013, alleging that defendants refused to vacate the property.[2]  Defendants filed an answer and counterclaim, asserting ten counterclaims against plaintiff, Freddie Mac, for: (*i*) declaratory relief; (*ii*) violation of the Consumer Collections Act; (*iii*) breach of contractual obligations of good faith and fair dealing; (*iv*) negligence/wantonness; (*v*) wrongful foreclosure; (*vi*) abuse of process; (*vii*) slander of title; (*viii*) placement in

---

[1] *See* doc. no. 1-1, at 2-3 (Complaint).  Document number 1-1 contains a number of exhibits to plaintiff's motion for remand, including plaintiff's complaint, defendants' answer and counterclaim, defendants' motion to dismiss.

[2] *Id.* at 3 (Complaint) ¶ 6.

a false light; (*ix*) breach of contract; and (*x*) defamation, libel, and slander.[3]

The parties filed two motions in state court. Defendants filed a motion to dismiss on February 14, 2013.[4] Plaintiff filed a motion for summary judgment on March 7, 2013.[5] The state court scheduled both motions for hearing on April 8, 2013, but three days before the hearings the motions were continued generally at the request of defendants.[6] On April 18, 2013, defendants filed an answer and counterclaim against plaintiff Freddie Mac and counterclaim-defendant Wells Fargo Bank, National Association (the holder of the mortgage on the foreclosed real property).[7] In response, *plaintiff and counterclaim-defendant Freddie Mac* removed this action to federal court.[8] The action is before the court on defendants' motion for remand to state court.[9] Upon consideration, the motion will be denied.

District courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress."

---

[3] *See id.* at 32-46 (Answer and Counterclaim).

[4] *See id.* at 10 (Motion to Dismiss). At the time when defendants filed their motion to dismiss, they were proceeding *pro se. See id.* One month later, they obtained presentation. *See id.* at 22 (Notice of Appearance dated March 29, 2013).

[5] *Id.* at 12-13 (Motion for Summary Judgment).

[6] Doc. no. 1-1, at 11, 23, 31 (Orders).

[7] *Id.* at 32-46 (Answer and Counterclaim). It appears that defendants have not yet effected service on Wells Fargo.

[8] *See* doc. no. 1 (Notice of Removal

[9] *See* doc. no. 6 (Motion for Remand).

*University of South Alabama v. The American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "[U]ncertainties [regarding federal jurisdiction] are resolved in favor of remand." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. Ala. 1994) (alterations supplied) (citing *Boyer v. Snap-on Tools Corporation*, 913 F.2d 108 (3rd Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991); *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983)).

>The general removal statute states that:
>
>>"*Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a) (emphasis supplied). "A counter[claim]-defendant is not a 'defendant' within the meaning of the general removal statute." *Federal Deposit Insurance Corporation v. S & I 85-1*, 22 F.3d 1070, 1072 (11th Cir. Fla. 1994) (alteration supplied) (citing *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941)). Therefore, if plaintiff and counterclaim-defendant Freddie Mac's removal rights were governed by the general removal statute, this court would grant the motion for remand, because Freddie Mac is not a "defendant" within the meaning of the general removal statute.

Even so, § 1441(a) states that it applies only "[e]xcept as otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a) (alteration supplied). In other words, Congress may carve exceptions out of the general removal statute. And, in this instance, Congress has created such an exception by enacting 12 U.S.C. § 1452(f), which is entitled "[a]ctions *by and against* the Corporation," meaning the Federal Home Loan Mortgage Corporation. That statute provides:

(1) The Corporation shall be deemed to be an agency included in sections 1345 and 1442 of such Title 28;

(2) all civil actions to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value; and

(3) *any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation is a party may at any time before the trial thereof be removed by the Corporation*, without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending, or, if there is no such district court, to the district court of the United States for the district in which the principal office of [Freddie Mac] is located, by following any procedure for removal of causes in effect at the time of such removal.

12 U.S.C. § 1452(f) (emphasis supplied).[10]

Thus, § 1452(f) — the specific removal statue for actions by and against Freddie Mac — unlike § 1441(a), the general removal statute, states that the Federal

---

[10] Section 1452(f) refers to Freddie Mac as "the Corporation." *See* 12 U.S.C. § 1451 (defining "Corporation" as "the Federal Home Loan Mortgage Corporation created by this chapter").

4

Home Loan Mortgage Corporation may remove "any civil or other action, case or controversy . . . to which [it] *is a party*," and that it may do so "*at any time before the trial thereof*." 12 U.S.C. § 1452(f) (alteration and emphasis supplied).

In sum, the plain language of § 1452(f) permits Freddie Mac to remove this action to federal court. *See Webb v. OCWEN Loan Servicing, LLC*, No. 11-00732-KD-M, 2012 WL 5906729, *2 n.1 (S.D. Ala. Nov. 26, 2012) (observing that "Defendant Freddie Mac removed this action after Webb amended her complaint to add it as a defendant. Freddie Mac is a government agency and the removal was based on 28 U.S.C. § 1442(a) and 12 U.S.C. § 1452(f)."); *Mac v. Brooks*, No. 3:11cv313-WHA (WO), 2011 WL 2619132, *4-8 (M.D. Ala. July 1, 2011) (concluding that Freddie Mac, as the plaintiff and counterclaim-defendant, could remove an action to federal court under § 1452(f)); *Federal Home Loan Mortgage Corporation v. D'Antonio*, No. 94-287, 1994 WL 117789, *1 & n.1 (E.D. La. Mar. 30, 1994) (concluding that Freddie Mac, as the plaintiff, could remove an action to federal court under § 1452(f)). *See also Franklin National Bank Securities Litigation v. Andersen*, 532 F.2d 842, 845 (2d Cir. 1976) (concluding that the Federal Deposit Insurance Corporation ("FDIC"), as the realigned party plaintiff, could remove an action to federal court under 12 U.S.C. § 1819(4), which permitted removal of "any suit 'to which the Corporation shall be a party'"); *S & I 85-1*, 22 F.3d at 1072 (11th

Cir. 1994) (concluding that the FDIC, as the plaintiff and counterclaim-defendant, could remove an action to federal court under 12 U.S.C. § 1819(b)(2)(B), which stated that "the Corporation may . . . remove any action, suit, or proceeding . . . [within 90 days after] the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party") (alterations supplied).

For all of the foregoing reasons, defendants' motion to remand is DENIED.

DONE and ORDERED this 25th day of July, 2013.

_____
United States District Judge